UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                :

MALIBU MEDIA, LLC,

                   Plaintiff,

                  12 Civ. 2950 (JPO)

           -v-

                  MEMORANDUM AND ORDER

JOHN DOE NO. 4, et al.,

                   Defendants.
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

       On April 13, 2012, Plaintiff Malibu Media ("Malibu") filed a complaint against 5 unidentified defendants ("Doe Defendants"), including John Doe No. 4 ("Doe No. 4"), each of whom allegedly "copied and distributed most of a website containing 107 movies" in violation of the U.S. Copyright Act.  (Complaint, Dkt. No. 1 ("Compl."), at ¶ 2.)  The movies at issue contain pornographic material.  (*See id.* at Ex. A.)  In the Complaint, these Doe Defendants were identified only by internet protocol ("IP") addresses.  (Defendant's Memorandum of Law in Support of Motion to Quash, Dkt. No. 14 (Def.'s Memo. at ¶ 2.)  In May 2012, Plaintiff filed a motion seeking expedited discovery from third-party internet service providers ("ISPs"), such as Verizon Internet Services ("Verizon"), hoping to obtain the subscribers' names, addresses, and email addresses, along with any other information tied to the IP addresses listed in the Complaint.  (*Id.* at ¶ 4.)

       In June 2012, this Court decided Plaintiff's motion for expedited discovery, permitting some expedited discovery, but denying Plaintiff's request for subscribers' telephone numbers.  (Memorandum and Order, Dkt. No. 7 ("Order 1"), at 4.)  In that Order, this Court also noted that "if a defendant or ISP files a motion to quash the subpoena, the ISPs may not turn over any

information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISPs to resume in turning over the requested discovery." (*Id.*)

On September 11, 2012, Doe No. 4 filed the instant motion to quash the subpoena of his personal information from Verizon. (*See generally* First Motion to Quash Subpoena, Dkt. No. 13 ("Motion to Quash").) Alternatively, Doe No. 4 seeks a protective order from this Court, granting "leave to proceed anonymously." (*Id.* at ¶ 23.) For the reasons stated herein, Doe No. 4's motion to quash is denied, but his request to proceed anonymously is granted. Moreover, for the reasons stated below, all remaining Doe Defendants may proceed anonymously as this case moves forward.

**I.      The Motion to Quash**

Federal Rule of Civil Procedure 45(c) provides that one responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). In response to a timely motion, a court must quash or modify any subpoena that:

> (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv).

Doe No. 4 seeks to quash this subpoena on the grounds that (1) the "information sought" subjects him to an undue burden, and, alternatively, (2) he has "personal and propriety interests" at stake in the information. (Motion to Quash at ¶¶ 6-7.) Malibu opposes Doe No. 4's motion on several grounds, including that (1) Doe No. 4 lacks standing to claim an undue burden as a reason to quash the subpoena (Malibu's Memorandum in Opposition, Dkt. No. 18 ("Malibu

Opp."), at 7-8); and (2) Doe No. 4's personal and proprietary interest in the requested information is "minimal" (*id.* at 8-9.)

### A.     Undue Burden

This Court agrees with Malibu that Doe No. 4 lacks standing to quash the subpoena on undue burden grounds.  Malibu points out that courts in various jurisdictions around the country "have extensively addressed this issue in copyright BitTorrent actions" similar to the instant case, and those courts have held that John Doe Defendants generally have no standing to move to quash the subpoena that is issued to a third party, such as an ISP, on the basis of undue burden. *Id*. at 8; *see, e.g.*, *West Coast Productions, Inc. v. Does 1-5829*, 275 F.R.D. 9, 16 (D.D.C. 2011) (noting that absent a claim of privilege, "a party has no standing to quash a subpoena served upon a third party," and rejecting John Doe Defendants' motion to quash an ISP subpoena on undue burden grounds (quotations omitted)); *Malibu Media, LLC v. John Does 1-15*, No. 12 Civ. 2077, 2012 WL 3089383, at *8 (E.D.Pa. July 30, 2012) ("First, and fatal to this claim, Defendant is not faced with an undue burden because the subpoena is directed at the internet service provider and not the Defendant.  It is the service provider that is compelled to disclose the information, and thus, its prerogative to claim an undue burden.  In this case, there is no burden on Defendant to produce *any* information." (internal citations omitted) (emphasis in original)).

Though the subpoena is undisputedly directed at the ISP—Verizon—rather than Doe No. 4 himself, Doe No. 4 contends that the information is nevertheless burdensome to him, as public disclosure of his identity would publicly link him to internet pornography, "*even if such link is later disproved.*" (Def.'s Memo. at ¶ 7 (emphasis in original).)  While this Court is sensitive to the privacy concerns at issue in a case such as this one (*see, e.g.*, *Malibu Media, LLC v. John Does 1-5*, No. 12 Civ. 2950, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012)), Doe No. 4's

legitimate concerns have no place within the undue burden calculus, as the burden of literal compliance with this subpoena falls to a third-party, Verizon.  *See Malibu Media, LLC v. John Does 1-21*, No. 12 Civ. 835, 2012 WL 3590902, at *2 (D.Co. Aug. 21, 2012) ("Even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden.")

>    B.    **Personal and Proprietary Interest**

Though a closer question, this Court also agrees with Malibu that Doe No. 4 has not made a sufficient showing of personal or proprietary interest in his information that merits a quashing of the subpoena, especially given that many of Doe No. 4's concerns here can be alleviated with the anonymity of a pseudonym, as discussed in the following section.

In *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), Judge Chin addressed the issue of whether one's identity is protected from disclosure by the First Amendment.  In *Sony*, seventeen record companies brought a copyright infringement action against forty John Doe Defendants, "alleging that defendants illegally downloaded and distributed plaintiffs' copyrighted or exclusively licensed songs from the Internet, using a 'peer to peer' file copying network." *Id.* at 558.  The *Sony* defendants moved to quash Plaintiffs' subpoena issued to Cablevision Systems Corporation ("Cablevision"), a non-party, ISP. *Id.*

In analyzing the motion to quash, Judge Chin "articulated a five-factor test to determine whether a defendant's First Amendment rights protects their identity from disclosure." *Next Phase Distrib., Inc. v. Does 1-138*, No. 11 Civ. 9706, 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012) (citing *Sony*, 326 F. Supp. at 564-65). The *Sony* test looks to:

> (1) whether Plaintiff had made a 'concrete showing of a *prima facie* claim of actionable harm;' (2) the 'specificity of the discovery request;' (3) 'the absence of alternative means to obtain the subpoenaed information;' (4) 'a central need to obtain the

>   subpoenaed information to advance the claim;' and (5) 'the party's
>   expectation of privacy.'

*Id.* (quoting *Sony*, 326 F. Supp. at 564-65).  In turn, this Court addresses each factor in the context of the instant motion.

Here, Malibu has alleged a prima facie case of copyright infringement. *See id.* (describing copyright infringement as "(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original" (quotations omitted)).  In its Complaint, Malibu provides detailed allegations that the Doe Defendants' IP addresses participated in a "swarm"[1] that was distributing Malibu's copyrighted works.  (*See* Compl., at ¶¶ 37-45.)

Likewise, Malibu's subpoena request is highly specific in nature; it seeks the name, current and permanent address, e-mail address, and Media Access Control (MAC) Address of each Doe defendant, attempting to obtain enough information to identify and serve the defendants.  *Malibu Media*, 2012 WL 2001968, at *2.  This information is also based on "specific times and dates that the subscriber allegedly downloaded the copyrighted film." *Next Phase*, 2012 WL 691830, at *3; (*see* Compl. at Ex. A.)

Additionally, the "absence of alternative means" for obtaining this information and the "central need" factors weigh in favor of Malibu.  Without determining the identity of Doe No. 4 in this action, Malibu will be without capacity to pursue this litigation as to him, as it will be unable to serve process.  *See id.; see, e.g.*, *Sony*, 326 F. Supp. 2d at 566 ("Ascertaining the identities and residences of the Doe Defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process.")

---

[1] A "swarm" refers to the transmission of copyrighted material among "peers" who use BitTorrent or like programming to upload and share copyrighted material amongst themselves and others. (*See* Compl. at ¶¶ 30-33.)

As for the last factor—the privacy interest—it is undeniable that there is some level of privacy at stake in this litigation. Indeed, other courts in this district have likewise recognized the sensitive and embarrassing nature of the conduct alleged here, especially given the potential irrevocable reputational damage done to a defendant who did not, in fact, commit the conduct alleged. *See, e.g.*, *Next Phase*, 2012 WL 691830, at *2 ("This Court notes the highly sensitive nature and privacy issues that could be involved with being linked to a pornography film."); *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("The Court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded 'My Little Panties # 2.' The risk is not purely speculative; Plaintiff's counsel estimated that 30% of the names turned *over* by ISPs are not those of individuals who actually downloaded or shared copyrighted material. Counsel stated that the true offender is often the 'teenaged son . . . or the boyfriend if it's a lady.' Alternatively, the perpetrator might turn out to be a neighbor in an apartment building that uses shared IP addresses or a dormitory that uses shared wireless networks." (internal citation omitted) (emphasis in original)).

Nevertheless, the *Sony* test demands a careful balancing, and privacy must, in some instances, "'give way to plaintiff['s] right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.'" *Next Phase*, 2012 WL 691830, at *3 (quoting *Sony*, 326 F. Supp. 2d at 566). Here, granting Doe No. 4's motion to quash will effectively end the litigation as to Doe No. 4, as Malibu will be unable to serve him. *See Digital Sin,* 2012 WL 263491, at *2 ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers."). Especially where there is a way to

both allow the litigation to move forward, while maintaining Doe No. 4's anonymity, quashing the subpoena at this juncture would be a drastic measure.  Moreover, the other *Sony* factors weigh in favor of Malibu, and thus the balance of the analysis necessitates denial of Doe No. 4's motion to quash.

## II.     The Request to Proceed Anonymously

Alternatively, Doe No. 4 requests leave to proceed anonymously.  (Def.'s Memo at ¶¶ 18-22.)  Malibu does not oppose Doe No. 4's request to proceed anonymously and to have his information filed under seal.  (Malibu Opp. at 12.)  "When evaluating a request by a party to proceed anonymously or by pseudonym courts consider numerous factors, including whether identification would put the affected party at risk of suffering physical or mental injury."  *John Wiley & Sons, Inc. v. John Does Nos. 1–27,* No. 11 Civ. 7627, 2012 WL 364048, at *1 (S.D.N.Y. Feb. 3, 2012) (quoting *Guerrilla Girls, Inc. v. Kaz,* 224 F.R.D. 571, 573 (S.D.N.Y. 2004)).

With requests to proceed anonymously, in this Circuit in particular, courts should also look to myriad other factors, including, but not limited to:

> (1) 'whether the litigation involves matters that are highly sensitive and of a personal nature;' (2) 'whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;' (3) 'whether the plaintiff's identity has thus far been kept confidential;' and (4) 'whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity.'

*Next Phase*, 2012 WL 691830, at *1 (quoting *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 189–90 (2d Cir.2008)).

This Court need not expound upon the many ways in which an association with pornography might irrevocably harm a defendant's reputation—regardless of the truth of the

underlying allegations or eventual disposition of the litigation.  Moreover, in this type of ISP-based identification in particular, the danger of misidentifying the culprit only compounds the risks associated with disclosure of the Doe Defendants' personal information.  *See Malibu Media*, 2012 WL 2001968, at *1 ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer.").  Additionally, Malibu has not made a showing that to allow the Doe Defendants to proceed under pseudonym would prejudice its case in any way.  *See Next Phase*, 2012 WL 691830, at *2 (noting "the lack of any showing by plaintiff that they would be prejudiced if defendant Doe proceeded anonymously").

The citizenry's interest in "public scrutiny of judicial proceedings" is indeed "vital," *id.*; less so however, is the public interest in knowing the names of those Doe Defendants with a particular penchant for, *inter alia*, "Tori Torrid Love" (Compl. Ex. B, at 16).  Moreover, this Court recognizes the quintessential importance of maintaining some semblance of privacy within what are increasingly digitalized lives.

### III.   Conclusion

For the foregoing reasons, the motion to proceed anonymously is GRANTED with respect to all Doe Defendants, until further order of this Court.  The motion to quash is DENIED, and accordingly, the ISPs may resume providing Plaintiff with the Doe Defendants' personal information.  However, none of the Doe Defendants' personal information, given to Plaintiff by the ISPs, shall be publicly disclosed.  Additionally, Plaintiff or the ISPs shall give notice to all affected Doe Defendants that they may proceed anonymously in the instant case, upon application to this Court.

Once this Court receives requests to proceed anonymously from the Doe Defendants, it will issue another order stating that: (1) in all public filings, the Doe Defendants will be identified by Doe number and IP address only; and (2) the Doe Defendants' identities shall be known only to Plaintiff and this Court.

The Clerk of Court is directed to close the docket entry at number 13.

SO ORDERED.

Dated: New York, New York
       November 30, 2012

_____
J. PAUL OETKEN
United States District Judge